

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
*****************************
AMANGOUA J. BILE                    *
2106 Cloverdale Avenue              *
Hopewell, Virginia 23860            *
                                    *
        Plaintiff                   *
v.                                  *    Civil Action No. 3:15cv00051
                                    *
RREMC, LLC DENNY"S RESTAURANT       *
1800 Old Okeechbee Road Suite 100   *
West Palm Beach, Florida 33409      *
                                    *
DENNYS CORPORATION                  *
203 East Main Street                *
Spartansburg, SC 20310              *
                                    *    Jury Trial Demanded
        Defendant's                 *
*****************************
```

## COMPLAINT

(Race/Color Discrimination; National Origin Discrimination; Hostile Work Environment, Equal Pay and Compensation Discrimination and Non Selection Discrimination in Employment)

## INTRODUCTION

1. Amangoua J. Bile brings this civil action pursuant to the Civil Rights Act of 1964 as amended, 42 USC. Section 2000e, ("Title VII"); the Civil Rights Act of 1866, as amended 42 U.S.C. §1981 ("Section 1981"); and Virginia Common Law. Mr. Bile asserts that because of his race (African), color (black), national origin Cote D'Ivoire he was not selected for the District Manager, position even though he was better qualified than the white males and females that were selected. Plaintiff also asserts that Defendant continuously employed white junior

1

employees whom he trained, who were later selected to higher positions over him. Plaintiff further asserts that Defendant denied him equal pay and compensation for the work he performed. Plaintiff asserts further that its managers continually threatened and harassed him for filling complaints of discrimination against Defendant.

## JURISDICTION

2. This court has jurisdiction over the subject matter of this civil action pursuant to 28 U S C Section 1331. This action is authorized and instituted pursuant to Section 706(f) of Title VII, 42 U.S.C. § 200e-5(f); and 42 U.S.C. § 1981 as amended. Mr. Bile timely files this complaint after exhausting his administrative remedies at the Equal Employment Opportunity Commission ("EEOC"). pursuant to EEOC's regulations at 29 C.FR. Section 1614. On October 31, 2014, the EEOC issued a dismissal and Rights to Sue giving Plaintiff the right to bring suit before this Court.

## VENUE

3. Venue is proper in this judicial district because Plaintiff was employed by RREMC, LLC DENNY"S RESTAURANT, in Hopewell, Virginia, and all events that give rise to the claim in this Complaint took place in this jurisdiction.

## PARTIES

4. Plaintiff Mr. Amangoua J. Bile (hereinafter "Bile") is a national of Cote D'Ivoire, a citizen of the United States and a resident of Hopewell in the Commonwealth of Virginia. At all times relevant to the complaint, Plaintiff was employed by RREMC, LLC DENNY"S

2

RESTAURANT (hereinafter "Denny's").

5. Defendant RREMC, LLC DENNY"S RESTAURANT, is a Florida Corporation, with many restaurants in the Commonwealth of Virginia under the Trade Name; Denny's, with its Headquarters in West Palm Beach Florida. John Metz its President is responsible for its personnel actions and practices.

6. Defendant Dennys Corporation, (hereinafter Denny's) a South Carolina Corporation, which owns the franchise license for Denny's operations in the Commonwealth of Virginia. John Miller its President and CEO is responsible for all corporate decisions taken by Denny's corporation.

## STATEMENT OF FACTS

7. Plaintiff is by experience and training a restaurant manager, having worked for Northlake Floods Inc., before joining Denny's. Defendant has issued Plaintiff several Awards and Commendations for excellent job performance over the years.

8. Plaintiff has been employed with Defendant since September 2005 as an Assistant Manager. Plaintiff was referred by Mr. Joseph Hanvey who had worked with Plaintiff and knew Plaintiff's experience and excellent work habits. Plaintiff was a District Manager at Northlake Floods Inc. when he came to Denny's.

9. Even though the salary offered was low, Mr. Hanvey convinced Bile to take the position as he will be promoted and the work conditions were better. Plaintiff was required to pass Denny's Corporation Final Test, which he did scoring 99%, which no other employee has attained.

10. On October 7, 2005, Bile met with Robin Bates the Human Resources Manager, and

3

Deborah Marshall the District Manager in Chester, Virginia, and requested a promotion to General Manager when the position becomes open. Ms. Marshall promised Bile that when the position becomes open he will be promoted.

11. In the meantime, Plaintiff was required to work a 12 hour shift. Nevertheless, Plaintiff worked over 13 hours daily. After working 13 hours, Defendant still demanded Plaintiff work additional hours to help out other stores where there were no managers on shift during the course of his employment. Defendant has never compensated Plaintiff for the extra hours worked, nor has he been compensated for driving as far as one hour from his residence to go to other stores to help.

12. When Bile complained about the non-compensation for the numerous extra hours, Denny's told him that he was on salary and he must work any extra hours that Denny's demands.

13. From 2005 through 2013, on several occasions, Bile complained to Denny's that he was called derogatory names, such as Nigger by Caucasian Managers as well as Caucasian employees. Some of these incidents occurred in front of senior personnel of Denny's from the president down to vice president, including director of human resources, and no action was taken to stop it.

14. In 2008, Mr. George Branch, General Manager and Bile's supervisor humiliated and degraded Bile by making public statements about Plaintiff's race and national origin, but Denny's took no action because Mr. Branch was White. Mr. Branch told Bile to go back to Africa and learn how to speak English, and Mr. Bile should suck his "D" (male organ). Mr. Branch even told Bile to go back to Africa and chase lions.

15. In 2012, on another occasion, Mr. Mathew Barnes a White General Manager told Bile "In my country, here in America, we don't understand you and suggest that you go back where you

4

came from"

16. In 2014, on another occasion Daryl Gee told other employees in the presence of Ms. Arlisa Jones a General Manager that they would do everything in their power to get Bile deported because they believed that he Bile was here illegally like President Obama.

17. In 2013, after Bile filed charges of discrimination, he was told that Denny's searched his Facebook and Twitter account to find anything that they can bring up against his character. On one occasion Bile was overwhelmed with customers and he had no help. One of the White customers told him to catch a boat back to Africa. Ms. Deborah Marshall the District Manager rewarded the customers with free coupons instead of assisting.

18. From 2005 through 2013, Managers at Denny's continually ridiculed Bile and told him he was the only person with a strong accent. Bile was told that if he learn how to speak English like Americans, the constant attacks will stop. Arlisa Jones, a general manager at the restaurant where Bile worked informed Bile that Denny's did not like the demographics of the employees in the restaurant because the groups of people did not fit Denny's generic makeup. She informed Bile that she was to hire mostly Caucasian employees in the store or Denny's will be forced to come and do the hiring themselves.

19. In 2013, When Bile complained about the aforementioned incidents no action was taken. Instead Denny's launched an investigation when some Caucasian employees claimed that they were unfairly treated. The vice President and the Director immediately came from Florida for the investigation. All Caucasian employees including managers were asked for a statement, yet no black employees were asked any questions.

20. In 2014, Denny's ordered Arlisa Jones to document everything Bile did in her personal notebook; she left the notebook at work and Bile found it.

5

21. In September 2013, immediately after Bile filed his complaint with EEOC, Denny's ordered some folks to call into Denny's Corporate Office to file false complaints while Bile was on duty. Some Caucasian customers resorted to calling Bile the "N" word. When Bile complained to Denny's he was told to continue to serve the guests, which he did.

22. Mr. Bile continuously reported numerous acts of discrimination to Mr. George Branch, Mr. Kirk Saunders, Mr. Mathew Barnes, Ms. Morgan, Ms. Marshall, Ms. Bates, Ms. Goodman, Mr. Cuda, Mr. Webber, and Mr. Metz and no action was taken to remedy the abuse.

23. From 2005 through 2013, Mr. Bile made several request for promotion, Defendant's stated that there is no proof of Bile applying for a General Manager position. Whereas Defendants have crafted a policy and system where there is no application in which one is to apply for this position nor is it stated within their policy on how to do such.

24. On October 4, 2013, Mr. Bile has complained about his mistreatment of many other occasions. Sometime after Bile filed his complaint with the EEOC, Defendant's offered him the position with the lowest salary. Moreover, Defendant' offered to send Bile to the lowest performing store, with no Assistant Manager, and poorly understaffed. Defendants were trying to set him up for failure and dismissal. When Bile counter Defendant's offer, they alleged that he refused to accept their promotion.

25. From 2005 through 2013, Bile requested to be promoted to General Manager to Debbie Marshall (Vice President), Rita Morgan (Vice President), Sheryl Goodman (Vice President), Robin Bates (Director Human Resources), Bruce Webber Director of Human Resources but was denied. Defendants ostensibly told Bile that he will never be promoted and if he did not like the decision he should quit.

26. One of the reasons Defendants stated as the basis for denying promotion was because "you don't sound like us and also you do not speak American English." Defendants told Bile he should be glad to have a job because he doesn't sound American.

27. Bile maintained his store to Diamond Level that no other Denny's Restaurant had ever achieved until his employment. Bile was transferred more than 30 times to clean up other stores during the course of his employment with Defendants.

28. When Bile informed Defendant's that he will contact Reverend Ubom his Pastor friend and representative, Defendant's told him they could care less who represents him; that he must accept their decision as an employee, and he should be aware that they have never lost a case with the EEOC. Bile was further told that he should drop the charge, or bad things will happen to him and his General Manager who supported his claim.

29. When Arlisa Jones the General Manager confirmed that Bile was treated unfairly and retaliated against by Defendants, she was threatened with dismissal for requesting an investigation and supporting Bile.

30. Defendants denied Bile's bonus in August 2014 after he filed his claim of discrimination.

31. For example Bile was transferred to Colonial Heights where the store had major sales decreases and health inspection violations. Upon his arrival, the store quickly recovered with a bottom line profit of $67,000 in less than five months. A representative of Denny's Corporation admitted that Bile's presence in the store achieved sales increase and better sanitation report than any other store. In fact, that store had the best Steritech inspection of all Denny's in United

7

States of America. Nevertheless, Defendant's continued to deny promotion because of Bile's skin color and his national origin.

32. From 2005 to 2014, Bile temporarily filled the general manager position whenever there was a need, but he was never promoted to the position.

33. In 2008 Defendant's implemented a Program Work All Nights and Get Three Days Off. Bile requested and was qualified for the program yet it was given to a Caucasian person even though they failed the Brand Standard Test and were given a poor performance rating.

34. From 2005 through 2013, Bile complained that more than five employees he trained became General Managers and were earning the same or more salary as he, Defendants told Bile that Caucasians are more superior therefore, that is the reason. When Bile complained that it was against Defendants stated policy, Defendants responded that "we make and change the policy when it is convenient to protect RREMC LLC.

35. Between 2005 until 2013, Bile requested for promotion and was denied after every request. Bile has served as Assistant Manager for ten (10) without promotion even though many Caucasian employees that he trained were all promoted above him.

## STATEMENT OF CLAIM

36. The plaintiff was subjected to intentional and willful discrimination because of his Race/Color; National Origin; when he was continuously denied selection and promotion from 2005 through 2013, and the less qualified White applicants were selected. The defendants engaged in unlawful employment practices in violation of Title VII.

37. The plaintiff was subjected to intentional and willful discrimination because of Defendant's threats, harassment and derogatory racial name calling.

38. The plaintiff was subjected to intentional and willful discrimination because Defendant paid him less wages than his White counterparts even though he was forced to work longer hours than his counterparts.

39. Defendant further violated Plaintiff's rights by denying his bonus and denying his benefits for working several extra hours above his duties.

40. Due to Defendant's unlawful discrimination Plaintiff suffered economic losses, lost pay benefits, lost career benefits and opportunities, emotional distress, and. personal and professional humiliation.

## FIRST CAUSE OF ACTION
## TITLE V11 - FAILURE TO PROMOTE

41. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 40 above as though fully set forth herein.

42. Plaintiff is a member of a protected class, Black, African, African American.

43. Plaintiff possesses all of the qualifications and skills necessary to be promoted to the position of General Manager and district Manager between 2005 and 2013.

44. Plaintiff was better qualified than the White individuals who were promoted.

45. Plaintiff applied to be promoted but was denied because of his race and national origin.

46. Defendants failure to promote Plaintiff was an act of discrimination in violation of

Title VII, 42 U.S.C. § 2000e-2(a).

47. Defendant's failure to promote Plaintiff was willful and malicious and was done with reckless indifference to Plaintiff's right to employment opportunities unfettered by racial discrimination guaranteed to him by Title VII, 42 U.S.C. § 2000e-2(a).

## SECOND CAUSE OF ACTION
## TITLE VII – RETALIATION

48. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 47 above as though fully set forth herein.

49. In August 2014, Defendants denied Plaintiff's bonus and vacation in retaliation to Plaintiffs complaints of discrimination.

50. Defendants offered to promote Plaintiff and send him to the lowest store, with no assistant manager, under staffed personnel, with a low salary in retaliation to Plaintiff's complaints.

51. All of these actions by defendant were willful and malicious and taken in direct and knowing violation of Title VII, 42 U.S.C. § 2000e-2(a)

## THIRD CAUSE OF ACTION
## SECTION 1981 - FAILURE TO PROMOTE

52. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 51 above as though fully set forth herein.

53. Plaintiff is a member of a protected class, Black, African, African American.

54. Plaintiff possesses all of the qualifications and skills necessary to be promoted to

the position of General manager and District Manager from 2005 through 2013.

55. Plaintiff was better qualified than the White individuals who were promoted.

56. Plaintiff applied to be promoted but was not because of his race and national origin.

57. Defendant's failure to promote plaintiff was an act of discrimination in violation of Section 1981.

58. Defendant's failure to promote plaintiff was willful and malicious and was done with reckless indifference to Plaintiff's rights to employment opportunities unfettered by racial discrimination guaranteed to him by Section 1981.

## FOURTH CAUSE OF ACTION
## SECTION 1981 – RETALIATION

59. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 58 above as though fully set forth herein.

60. In August 2014, Defendants denied Plaintiff's bonus and vacation in retaliation to Plaintiffs complaints of discrimination.

61. Defendants offered to promote Plaintiff and send him to the lowest store, with no assistant manager, under staffed personnel, with a low salary in retaliation to Plaintiff's complaints.

62. All of these actions by defendant were willful and malicious and taken in direct and knowing violation of Section 1981.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully requests that this Court enter judgment in his favor and

against Defendants on the claims brought and provide him with the following relief:

1.  enter a finding that Defendant discriminated against Plaintiff when he was not selected between 2005 and 2013, for the General Manager and District Manager position on the bases of race, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended; and Section 1981.

2.  enter a finding that Defendants discriminated against Plaintiff when Defendant's White employees and Manager's threatened and harassed Plaintiff by threatening physical harm and calling him derogatory racial names.

3.  enter a finding that Defendants discriminated against Plaintiff when he was not paid equal wages with his White colleagues in similar positions and forced to work longer hours than his colleagues in similar positions in violation of Title VII of the Civil Rights Act of 1964, as amended; and Section 1981.

4.  enter a finding that Defendant's discrimination against Plaintiff was intentional and willful;

5.  order Defendant to retroactively promote Plaintiff to the District Manager position to December 2005.

6.  order Defendant to provide Plaintiff with full back pay at the General Manager level (including awards, bonuses, pay raises and increases, plan contributions and all other requisite benefits) with interest;

7.  award Plaintiff liquidated damages in amount equal to the total award of back pay;

8.  order Defendants to correct Plaintiff's official personnel file and any and all Denny's records to reflect the retroactive promotion and back pay award;

9.  enjoin Defendants from discriminating or retaliating against Plaintiff and other Blacks

and African's in the future;

10. award Plaintiff the cost of bringing and maintaining this civil action and the administrative charge that preceded it, including reasonable attorneys' fees; and

11. award Plaintiff such other and further relief as the Court deems just and proper.

12. award Plaintiff punitive damages of Fifty Million ($50,000,000) Dollars.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

Respectfully submitted,

*Kathy White*
Kathy A. White, Esq, VA#39795
Ubom Law Group, PLLC
7600 Georgia Ave. NW., Suite 411
Washington, DC 20012
Tel. (202) 723-8900
Fax (202) 723-5790
Attorneys for Plaintiff