


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

AMANGOUA J. BILE,

Plaintiff,

v. Civil Action No. 3:15CV51

RREMC, LLC,
AND DENNY'S CORPORATION,

Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT DENNY'S CORPORATION'S FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS (Docket No. 8). For the reasons stated below, the motion will be granted in part and denied in part.

**BACKGROUND**

On January 27, 2015, Amangoua J. Bile ("Bile" or "Plaintiff") filed a civil action against RREMC, LLC ("RREMC") and Denny's Corporation ("Denny's") (collectively, "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). See Compl. ¶¶ 1, 4-6 (Docket No. 1). RREMC is a Florida corporation with restaurants located in the Commonwealth of Virginia doing business under the trade name "Denny's." Id. ¶ 5. Denny's is a South Carolina corporation that owns the franchise license for

"Denny's" operations in the Commonwealth of Virginia. Id. ¶ 6. Bile alleges that the Defendants failed to promote him because of his race and national origin, id. ¶¶ 45, 56, and retaliated against him because of his complaints of discrimination, id. ¶¶ 49, 50, 60, 61.

**DISCUSSION**

Denny's moves to dismiss Bile's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Where, as here, a defendant seeks dismissal on the ground that the complaint, on its face, fails to state a basis for subject matter jurisdiction, courts must 'assume all facts in the complaint are true, thus providing the plaintiff with the same procedural protections as a Rule 12(b)(6) determination.'" Carter v. Arlington Pub. Sch. Sys., 82 F. Supp. 2d 561, 564 (E.D. Va. 2000) (quoting Lane v. David P. Jacobson & Co., 880 F. Supp. 1091, 1094 (E.D. Va. 1995)) (internal brackets omitted). Unlike a motion under 12(b)(6), however, "courts may consider evidence outside of the complaint to resolve factual disputes concerning jurisdiction without converting the motion into one for summary judgment." Id. (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

## I. Plaintiff's Title VII Claims

Denny's argues that this Court lacks subject matter jurisdiction with respect to Bile's Title VII claims against it because Bile "failed to exhaust his administrative remedies against Denny's Corp. by naming and including this entity during the administrative phase before the [Equal Employment Opportunity Commission ("EEOC")]." Def. Denny's Corp.'s Mem. of Law in Supp. of Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, at 2 (Docket No. 9). Both Bile and Denny's recognize that a plaintiff pursuing a claim of discrimination must first exhaust the administrative remedies available to him. Tinsley v. First Union Nat'l Bank, 155 F.3d 435 (4th Cir. 1998); Sydnor v. Fairfax County, Va., 681 F.3d 591, 593 (4th Cir. 2012). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009); see also Carter, 82 F. Supp. 2d at 564.

Under Title VII, a civil action can only be prosecuted "against the respondent named in the charge . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1); see also Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998); Mickel v. South Carolina State Empl. Serv., 377 F.2d 239 (4th Cir.), cert. denied, 389 U.S. 877 (1967).

> "A party not named in the initial charge with the EEOC, ordinarily, may not be subsequently sued for alleged discrimination. This requirement serves two purposes: (i) notifying the charged party of the asserted violation and (ii) bringing the charged party before the EEOC to facilitate the goal of securing voluntary compliance with the law."

Carter, 82 F. Supp. 2d at 568.

Here, Bile filed a singular Charge of Discrimination preceding the institution of this action, and it names RREMC as his only employer; lists RREMC's principal office address with no reference to Denny's or its principal office; and complains of actions taken by RREMC employees without alleging explicitly or implicitly that Denny's was directing the RREMC employees in some shape, form, or fashion. See Def. Denny's Corp.'s Mem. of Law in Supp. of Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, Ex. 3 (Docket No. 9-3). Similarly, the EEOC's Dismissal and Notice of Rights, dated October 31, 2014 and issued to Plaintiff, reflects that it was copied only to RREMC's Human Resources Director at RREMC's corporate address. Pl. Amangoua Bile's Opp. to Defs. [sic] Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, Ex. 10 (Docket. No. 16-2).

Bile disputes this, claiming that Denny's was, in fact, "named and identified in Plaintiffs [sic] Charge of Discrimination." Pl. Amangoua Bile's Mem. of Law in Opp. to Def. Denny's Mot. to Dismiss, at 3 (Docket. No. 16-1). That,

however, is simply wrong. It is clear from the parenthetical use of the "Denny's" label next to RREMC that the "naming" in the Charge of Discrimination was solely to identify RREMC as a Denny's franchisee. The separate corporate entity of "Denny's, Corp." is nowhere to be found in the Charge of Discrimination.

Denny's, to its credit, observes in its reply that Plaintiff's counsel might be attempting to invoke the "substantial identity" exception to the rule prohibiting prosecution against a party that was not named in the administrative charge. Def. Denny's Corp.'s Reply, at 15 (Docket No. 19); see also Carter, 82 F. Supp. 2d at 567-68 ("[A]n exception has been recognized for cases where there is substantial identity between the defendant and the party named in the charge."). To satisfy this exception, "courts require that the interests of the named party be so similar to the unnamed party's interests that, for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to name the party in the EEOC proceedings." Carter, 82 F. Supp. 2d at 568.

The substantial identity exception does not apply here for the threshold reason that the Complaint does not allege that there is a substantial identity between RREMC and Denny's. Nor does the record or this motion show that the interests of RREMC and Denny's are "so similar" that "it would be unnecessary" to

include Denny's in the EEOC proceedings. Id. Indeed, as a matter of law, the relationship between the separate legal entities of franchisor and franchisee is not similar to, for example, the relationship that exists "between a corporation and its individual directors." Id.

Because Bile's administrative remedies have not been exhausted with respect to Denny's, this Court does not have subject matter jurisdiction over Bile's Title VII claims. Denny's motion to dismiss will therefore be granted with respect to Bile's Title VII claims, Counts I and II.

**II. Plaintiff's Section 1981 Claims**

Denny's also argues that the Court lacks subject matter jurisdiction over Bile's Section 1981 claims because Bile has failed to show that a "joint employer" relationship exists between RREMC and Denny's. Def. Denny's Corp.'s Mem. of Law in Supp. of Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, at 1-2 (Docket No. 9). Although the parties agree that RREMC and Denny's are distinct corporate entities, see Compl. ¶¶ 5 & 6 (Docket No. 1), that does not mean that the Court lacks subject matter jurisdiction.

Denny's cites several cases in which the court examined the factual record and determined statutory liability based upon whether a "joint employer" relationship existed. See N.L.R.B. v. Gibraltar Indus., Inc., 307 F.2d 428 (4th Cir. 1962)

(granting enforcement petition based on finding that "there is substantial evidence in the record to support the Board's conclusion" viewing the "separate legal entities as a single employing enterprise"); N.L.R.B. v. Jewell Smokeless Coal Corp., 435 F.2d 1270 (4th Cir. 1970) (granting enforcement petition based on finding that the "factual issue" of "whether or not [the defendant] is a joint employer" was "determined on substantial evidence adversely to [the defendant]"); Evans v. McDonald's Corp., 936 F.2d 1087 (10th Cir. 1991) (affirming grant of summary judgment based on finding that franchisor was not "employer" liable under Title VII); Moreau v. Air France, 356 F.3d 942 (9th Cir. 2004) (affirming grant of summary judgment where "the totality of the circumstances and the 'economic reality' of the situation still leave us with the conclusion that [the defendant] should not be considered a joint employer"); Jerome v. Hertz Corp., 15 F. Supp. 3d 1225, 1240 (M.D. Fla. 2014) (granting summary judgment and finding that defendants "were not the employers or joint employers of Plaintiffs" based "[u]pon consideration of the record"); Scales v. Sonic Indus., Inc., 887 F. Supp. 1435 (E.D. Okla. 1995) (granting summary judgment under Title VII where the plaintiff "failed to present any evidence that [the defendants] are integrated companies"); Raines v. Shoney's, Inc., 909 F. Supp. 1070 (E.D. Tenn. 1995) (granting summary judgment where

plaintiffs "failed to show an agency relationship existed with the requisite control needed to impose liability"); Jacobson v. Comcast Corp., 740 F. Supp. 2d 683 (D. Md. 2010) (granting summary judgment based upon detailed factual analysis and conclusion that defendant "is not Plaintiff's joint employer").

All of those cases reflect the principle that liability cannot be extended in the absence of a joint employment relationship. They also have something else in common: they were decided based upon a developed factual record. That, of course, is because the joint-employer-status inquiry is a fact-laden one. Denny's has submitted and cited various declarations in support of its argument that it cannot be considered a joint employer. Def. Denny's Corp.'s Mem. of Law in Supp. of Fed. R. Civ. P. 12(b)(1) Mot. to Dismiss, at 4-9 (Docket No. 9). Bile has contested the characterization of some of those facts and has pointed to his own pleadings and exhibits in support of the argument that Denny's can be considered a joint employer. Pl. Amangoua Bile's Mem. of Law in Opp. to Def. Denny's Mot. to Dismiss, at 5-8 (Docket. No. 16-1). Moreover, Bile seeks additional discovery to reinforce his contention that Denny's should be held liable as a joint employer. Id. at 9.

As the court in Tietgen v. Brown's Westminster Motors, Inc. observed: "Defendants' argument here is too fact dependent to succeed on a motion to dismiss." 921 F. Supp. 1495, 1504 (E.D.

Va. 1996). Bile has alleged sufficient facts for this Court to find subject matter jurisdiction as to the Section 1981 claim. Whether or not Denny's will be liable as a joint employer once a factual record has been developed is a different question for a different stage of this litigation.

Based on the current record, it appears quite possible that Bile's joint employer theory could fail on a motion for summary judgment based upon a substantially undisputed set of facts. But, dismissal at the present stage would be premature. Denny's motion to dismiss will therefore be denied with respect to Bile's Section 1981 claims, Counts III and IV.

**CONCLUSION**

For the foregoing reasons, DEFENDANT DENNY'S CORPORATION'S FED. R. CIV. P. 12(b)(1) MOTION TO DISMISS (Docket No. 8) is granted with respect to Plaintiff's Title VII claims (Counts I and II) and denied with respect to Plaintiff's Section 1981 claims (Counts III and IV).

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 24, 2015